IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| UNITED STATES OF AMERICA,  )<br>  )<br>     Plaintiff,  )<br>  )<br>vs.  )<br>  )<br>  )<br>JERRY JOSE NUNEZ,  )<br>  )<br>     Defendant.  )<br>  )<br>_____)  | CR 99-881-TUC-RCC(HCE)<br><br>**REPORT AND RECOMMENDATION** |

Defendant's Motion to Dismiss (Doc. No. 41) the Petition to Revoke Supervised Release as violative of Due Process under the Fifth Amendment came on for hearing on July 10, 2008.

For the reasons stated herein the Magistrate Judge recommends that the Defendant's Motion to Dismiss be denied.

I.  PROCEDURAL HISTORY

Defendant Jerry Jose Nunez was committed to the Bureau of Prisons on February 29, 2000 by the Honorable Raner C. Collins for Possession of a Firearm by a Person Convicted of a Crime Punishable by Imprisonment For a Term Exceeding One Year, in violation of 18 U.S.C. §§922(g)(1) and 924(a)(2).  A 36-month period of supervised release was imposed which commenced on June 25, 2000.

On April 1, 2002 Defendant committed the offense of Aggravated Driving Under the Influence of Intoxicating Liquor While His License to Drive Was Suspended, in violation of

1  A.R.S. §28-1383.  He was ultimately convicted of this offense in Pima County Superior
2  Court, No. CR 200223019 for which he was sentenced to 2.5 years of incarceration.

3  On September 24, 2002 Defendant committed the offense of Aggravated Driving Under
4  the Influence of Intoxicating Liquor While His License to Drive Was Suspended, in violation
5  of A.R.S. §28-1383(A)(1).  He was ultimately convicted of this offense in Pima County
6  Superior Court, No. CR 20023034 for which he was sentenced to 4.5 years of incarceration
7  to run consecutive to No. CR 200223019.

8  On August 2, 2006 a Superseding Petition to Revoke Supervised Release was filed
9  alleging, among other violations, the aforesaid offenses and convictions.

10  On August 13, 2007 Defendant filed a *pro se* Motion to Quash Warrants and/or Fines; or
11  in the Alternative Sentence in the [sic] Absentia to Concurrent Term.  (Doc. No. 31).  On
12  September 4, 2007 the Honorable Raner C. Collins denied Defendant's Motion and further
13  ordered that the warrant be executed and the Defendant be brought to U.S. District Court for
14  his initial appearance on the Petition to Revoke as soon as possible.  (Doc. No. 32).

15  On March 31, 2008 Defendant again filed the aforesaid Motion.  (Doc. No. 36).  On May
16  2, 2008 the Honorable Raner C. Collins again denied Defendant's Motion, having previously
17  denied the same request, and further ordered the warrant be executed and Defendant be
18  brought to U.S. District Court for his initial appearance on the Petition to Revoke upon
19  completion of his sentence.  (Doc. No. 37).

20  A warrant for Defendant's arrest to answer the Superseding Petition to Revoke Supervised
21  Release was signed on August 2, 2006 by the Honorable Raner C. Collins and was received
22  by the U.S. Marshal Service on August 4, 2006.  Defendant was released from Arizona
23  Department of Corrections incarceration on May 15, 2008.  Defendant was arrested by the
24  U.S. Marshal Service on May 15, 2008.  Defendant appeared before U.S. Magistrate Judge
25  Charles R. Pyle on May 16, 2008 for an initial appearance at which time a denial to the
26  allegations in the Superseding Petition to Revoke Supervised Release was entered.

27

28  II LAW AND ARGUMENT

Defendant states in his Motion to Dismiss that:

> The Defendant was released from the Department of Corrections on December 15, 2007.

(Defendant's Motion to Dismiss, p. 2). Subsequent to Defendant's claim of release Defendant on March 31, 2008 filed a *pro se* Motion to Quash Warrants and/or Fines; or in the Alternative Sentence in Absentia to Concurrent Term, with a return address on such motion as:

> Nunez-Nido, Jose Eduardo #114326
> Arizona State Prison Complex-Safford
> Tonto/Unit
> 896 South Cook Road
> Safford, Arizona 85546

This Court concludes Defendant was still in the custody of the Arizona Department of Corrections up to May 15, 2008.

Defendant argues that from May 20, 2002 when he was sentenced on Pima County Superior Court No. CR 200223019 and No. CR 20023034 to May 16, 2008 when he appeared at an initial appearance on the Superseding Petition to Revoke Supervised Release his due process right to a prompt hearing under the Fifth Amendment was denied.

Rule 32.1 states in pertinent part:

> A person *held in custody for violating...supervised release* must be taken without unnecessary delay before a Magistrate Judge.

R. 32.1(a)(1), Fed. R. Crim. P. (emphasis added).

Moreover:

> If there is probable cause to believe that...a person on supervised release has violated a condition of his...release, he may be arrested, and, *upon arrest, shall be taken without unnecessary delay before the Court having jurisdiction over him.*

18 U.S.C. §3606 (emphasis added)

Defendant argues that "unnecessary delay" in Rule 32.1(a)(1) and 18 U.S.C. §3606 includes that period of time when a petition to revoke supervised release is filed to when it is served on a defendant; or when a warrant is issued to when it is served; or when a

- 3 -

defendant asserts his right, here presumably by defendants motions of August 13, 2007 and March 31, 2008, to when an initial appearance takes place. The language of Rule 32.1(a)(1) and 18 U.S.C. §3606 is clear: A person *in custody* for violating supervised release or a person *arrested* for violating supervised release shall be brought before a Magistrate Judge for an initial appearance.

Defendant was not *arrested* nor *in custody* for allegedly violating his supervised release until May 15, 2008 whereafter he had an initial appearance on May 16, 2008. *Barker v. Wingo*, 407 U.S. 514 (1972) holds that timeliness analysis under the Speedy Trial clause to supervised release revocation cases requires a balancing of 4 factors: 1) length of delay; 2) reason for the delay; 3) Defendant's timely protest of delay; and 4) prejudice to the Defendant. *United States v. Santana*, 526 F.3d 1257, 1259 (9th Cir. 2008).

Relief of dismissal is not called for unless there is both unreasonable delay and prejudice. *Id.* at 1260. "Reasonableness" is a balanced judgement of length of delay in connection with the reasons for delay. *Id.* There are three types of actual prejudice: 1) oppressive pre-trial incarceration; 2) unnecessary anxiety of the accused; 3) impairment of the accused's ability to mount a defense. *Barker v. Wingo*, 407 U.S. at 532.

Herein, the "length of delay" was a mere one day from when Defendant was arrested and taken into custody to when he had an initial appearance. The "reason for the delay", it is safe to say, was to transport him from state custody to federal custody. Defendant's "protest of delay" was prematurely untimely. Defendant has not identified actual prejudice to have resulted from arrest and custody to initial appearance one day later.

III CONCLUSION

For the foregoing reasons the Government was not negligent nor lax in arresting and bringing Defendant to his initial appearance one day later and did not violate his Fifth Amendment Due Process right nor his rights under Rule 32.1. The Magistrate Judge recommends that Defendant's Motion to Dismiss be denied.

Pursuant to 28 U.S.C. §636(b) and Rule 59 of the Federal Rules of Criminal Procedure, any party may serve and file written objections within ten days after being served with a copy

of this Report and Recommendation. If objections are filed, the parties should use the following case number: CR 99-881-TUC-RCC(HCE).

Failure to file objections in accordance with Fed. R. Crim. P. 59 will result in waiver of the right to review.

DATED this 21st day of July, 2008.

_____
Héctor C. Estrada
United States Magistrate Judge